UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WANDA PATTEN,

      Plaintiff,

vs.

INDIAN RIVER TRANSPORT CO. and
JOHN J. HARNED, JR., individually,

      Defendant,

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, Plaintiff, WANDA PATTEN, hereinafter referred to as "PLAINTIFF" by and through her undersigned counsel and sues the Defendants, INDIAN RIVER TRANSPORT CO. hereinafter referred to as "TRANSPORT", and JOHN J. HARNED, JR., individually, hereinafter referred to as "HARNED", collectively known as "DEFENDANTS" and alleges as follows:

**JURISDICTION AND VENUE**

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 because this civil action arises under the Constitution, laws, or treaties of the United States.

2. Venue lies within the United States District Court for the Middle District of Florida, Tampa Division, in accordance with 28 U.S.C. § 1391(b) because Plaintiff resides in this Judicial District and because a substantial part of the events

1

giving rise to this claim occurred in this Judicial District.

## ADMINISTRATIVE PREREQUISITES

3. All conditions precedent to bringing this action have occurred.

4. Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) and the Florida Commission on Human Relations (FCHR).

5. A notification of Right to Sue was received from the EEOC. This Complaint has been filed within ninety (90) days of receipt thereof.

6. Plaintiff intends to amend her Complaint to add claims under Florida Statutes 760 after she has complied with all administrative prerequisites.

## PARTIES

7. Plaintiff is a resident of Polk County, Florida.

8. Defendant, Transport, is a Florida corporation authorized and doing business in Polk County, Florida.

9. Defendant, Harned, is the President of Indian River Transport Co. and was acting in a supervisory capacity for Defendant, Transport. Defendant, Harned, had the power to hire and fire employees, supervised and controlled employee work schedules or conditions of employment, determined the rate and method of payment and/or maintained employment records. Defendant, Harned, possessed operational control of business activities.

10. Defendant, Harned, was involved in the day-to-day operations and had direct responsibility for the supervision of Plaintiff.

11. At all times material herein, Plaintiff was an employee of Defendants pursuant to 29 U.S.C. § 203(e)(l), Defendants were Plaintiff's employers within the meaning of 29 U.S.C. § 203(d), and Defendants employed Plaintiff within the meaning of 29 U.S.C. § 203(g).

## GENERAL ALLEGATIONS

12. At all times material, Defendants acted with malice and with reckless disregard for Plaintiff's federal and state protected rights.

13. At all times material, Plaintiff was qualified to perform her job duties within the legitimate expectations of her employer.

14. Plaintiff has been required to retain the undersigned counsel to represent her in this action and is obligated to pay them a reasonable fee for their services.

15. Plaintiff requests a jury trial for all issues so triable.

## FACTUAL ALLEGATIONS

16. Plaintiff is an African American female.

17. Plaintiff began her employment with Defendants on or about March 2019, in the position of Processor.

18. Plaintiff was the only individual who held the position of Processor.

19. Plaintiff's work performance had always been satisfactory, to the extent that she received a pay raise prior to her termination.

20. On or about February 26, 2021, Plaintiff was informed by the Human Resources Manager, Daniel McNamee, that she was being terminated due to reorganization.

21. Prior to her termination, Defendants did not make any announcement or discuss any reorganization or plans to do so.

22. To the best of Plaintiff's knowledge and belief she was the only employee terminated due to the "so-called" reorganization.

23. Plaintiff was replaced by a Caucasian female shortly after her termination.

24. Plaintiff was informed by other employees of Defendants that she was terminated due to her race.

## COUNT I
## 42 U.S.C. § 1981 DISCRIMINATION AS TO DEFENDANTS INDIAN RIVER TRANSPORT CO. and JOHN J. HARNED, JR., Individually

25. Plaintiff realleges paragraphs one (1) through twenty-four (24) as though set forth fully herein.

26. Plaintiff is African American.

27. By the conduct described above, Defendants engaged in unlawful employment practices and discriminated against Plaintiff based on her race in

violation of 42 U.S.C. § 1981, for which Defendants are liable.

28. Defendants knew or should have known of the discrimination.

29. As a result of Defendants' unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the following damages against Defendants:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotion pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

## COUNT II
### TITLE VII - RACE DISCRIMINATION AS TO DEFENDANT INDIAN RIVER TRANSPORT CO.

30. Plaintiff realleges paragraphs one (1) through twenty-four (24) as though set forth fully herein.

31. Plaintiff is a member of a protected class under Title VII.

32. By the conduct described above, Defendant, Transport, engaged in unlawful employment practices and discriminated against Plaintiff on account of her race in violation of Title VII of the Civil Rights Act.

33. Defendant, Transport, knew or should have known of the discrimination.

34. As a result of Defendant's, Transport, unlawful discrimination, Plaintiff has suffered and continues to suffer damages.

WHEREFORE, Plaintiff prays for the judgment against the Defendant, Transport, and an award for the following damages against Defendant:

    a. Back pay and benefits;

    b. Interest on back pay and benefits;

    c. Front pay and benefits;

    d. Compensatory damages for emotional pain and suffering;

    e. Punitive damages;

    f. For costs and attorney's fees;

    g. Injunctive relief;

    h. For any other relief this Court deems just and equitable.

Dated this 12th day of August 2021.

                                              FLORIN GRAY BOUZAS OWENS, LLC

                                              /s/Christopher D. Gray
                                              Christopher D. Gray

        Florida Bar No.: 0902004
        cgray@fgbolaw.com
        Hunter A. Higdon
        Florida Bar No.: 85963
        hhigdon@gmail.com
        16524 Pointe Village Drive, Suite 100
        Lutz, FL 33558
        Telephone (727) 220-4000
        Facsimile (727) 483-7942
        Attorneys for Plaintiff